

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS      AUSTIN 11, TEXAS

Honorable John Dawson
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. 0-6874
Re: Whether Gregory Independent
School District may expend
school money to lay a
sewer line from the school
to the sewer main under
the facts stated.

    Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

    "The writer has been requested to obtain an opinion from your office as follows:

    "The Gregory Independent School District was created by special act of the legislature in 1921. Such act may be found in Gammel's Laws of Texas, Volume 21, page 139.

    "The trustees of such Independent School District have found it necessary to connect with a sewer line to effectively meet the necessary sanitation requirements of the school building.

    "They will be compelled to spend approximately $3500 in laying a sewer line to meet with the sewer main. They have secured an easement across the necessary land.

    "Some of the members of the school board believe that they are not permitted to spend this money for this purpose for the reason that the line will be laid across property that is not a part of the school grounds.

    "Your prompt attention to this matter will be much appreciated."

Gregory Independent School District was created by House Bill 66, Special Acts of the 37th Legislature of Texas, 1921, First Called Session. See Gammel's Laws of Texas, Vol. 21, pages 139 to 143, inclusive. Section 4 of said H. B. 66 provides as follows:

"Sec. 4. The board of trustees of said Gregory Independent School District are hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the General Laws of this State upon trustees of independent school districts created and organized under the General Laws of this State.

"Said board is authorized to levy annually such taxes as may be necessary for the maintenance of said schools, for the purchase of building sites, errection and repair of buildings, and for paying interest and providing a sinking fund on the bonds for which said district is now liable and for such bonds as may be hereafter issued by said district within the limits of the Constitution and General Law authorize, and to provide by resolution for the assessment and collection of such levy by the county tax assessor and by the county tax collector of San Patricio County upon valuation fixed upon property within the district for taxation for state and county purposes."

Article 2780, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Said trustees shall adopt such rules, regulations and by-laws as they may deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes heretofore vested in the mayor, city councils, or school trustees by articles 3995, 4013 and 4032, Revised Statutes of 1895, or other statutes, general and special, except such cities as are exempted by this title, shall be vested in said board of trustees and their successors in office; and their claims shall apply to any action or suit wiich may arise to which said board is a party. Acts 1905, p. 263."

The case of Temple Independent School District vs. Proctor, Tex. Civ. App., 97 S. W. (2) 1047, holds that Article 2780, supra, is applicable to all types of independent school districts, whether in incorporated cities or not.

Hon. John Dawson, Page 3 (0-6874)


The case of Nacogdoches Independent School District vs. Adams, Tex. Civ. App., 36 S. W. (2) 567, holds that the trustees of an independent school district are vested with a discretion which is not reviewable in the absence of abuse, in the management, control and protection of property of the school.

We quote from 37 Texas Jurisprudence, p. 938, as follows :

". . . School boards may adopt such reasonable rules and regulations as are necesaary for the control and management of the schools and in general they may administer the school affairs under their supervision in such manner as, in their judgment, will accomplish the wholesome objects of our educational policies . . ."

We quote from 37 Texas Jurisprudence, p. 947 as follows:

"In general, boards of trustees of school districts may acquire property by purchase or gift and hold the same in trust for the benefit of the district, and may lease, receive, hold, transmit, and convey the title to real and personal property for school purposes. They may take and hold in trust, for school purposes, the fee estate in land, or any interest less than the fee." (Underscoring ours)

Under the facts stated, it is our opinion that the trustees of Gregory Independent School District are authorized to expend funds of the school district for the purposes stated in your letter.

APPROVED OCT. 25, 1945 Very truly yours,

/s/ Grover Sellers     ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN

WJF:BT-dhs